UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SCOOTER G. MAHONEY, | ) | NO.   CV-09-0198-LRS |
| | ) | |
| Plaintiff, | ) | ORDER RE PLAINTIFF'S MOTION |
| | ) | TO COMPEL DISCOVERY |
| -vs- | ) | DEFENDANTS' MOTION FOR |
| | ) | PROTECTIVE ORDER |
| DELTA AIRLINES, INC., and AETNA | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

BEFORE THE COURT is Defendants' Motion For protective Order(Ct. Rec. 37) and Plaintiff's Motion to Compel Discovery (Ct. Rec. 41).   A telephonic hearing was held January 27, 2011.   Maris Baltins participated on behalf of the Plaintiff; Nancy Anderson participated on behalf of Defendants. The Court having considered the oral and written argument of counsel, enters this Order to memorialize and supplement the oral rulings of the Court.

**I.   BACKGROUND FACTS**

Plaintiff Scooter G. Mahoney commenced employment with Delta Air Lines("Delta") on June 3, 1968 as a Flight Attendant. As a Delta employee, Plaintiff was a participant in and beneficiary of a group insurance disability policy ("MLTD Plan") subject to the rules and Regulations of the Employee Retirement Income Security Act of 1974

ORDER - 1

("ERISA"). Under the MLTD Plan, Delta Air Lines was the Plan Administrator, while Aetna Life Insurance Company ("Aetna") was designated a fiduciary, whose responsibilities included determining whether beneficiaries were eligible for benefits.

On or about June 29, 2004, Plaintiff was assaulted while on duty as a Flight Attendant and suffered a debilitating injury which rendered her unable to continue working as a Flight Attendant. Commencing January 14, 2005, Plaintiff received monthly benefits under the MLTD Plan of $100, the minimum amount, combined with Worker's Compensation payments of $1,802.67. On March 20, 2006, Jacqueline G. Barley, an Aetna claim analyst, sent a letter to Plaintiff which provided that effective December 1, 2005, Aetna would be paying MLTD benefits of $1,200 per month from December 1, 2005 through September 30, 2012, triggering a 6 month elimination period under the MLTD Plan.

Upon completion of the elimination period, Plaintiff was subject to a "reasonable occupation" standard under the MLTD Plan, under which her continued eligibility to receive MLTD benefits depended on whether she was able to continue work in any "reasonable occupation." On February 22 and 23, 2006, Aetna had Plaintiff participate in a Functional Capacity Evaluation which concluded that Plaintiff could accept employment in a full-time position involving "Light-Medium" physical demands. Aetna next contacted Concentra Integrated Services ("Concentra") to conduct a labor market survey of positions within 50 miles of Spokane which would satisfy the "reasonable occupation" eligibility standard of the MLTD Plan. Aetna told Concentra to apply an hourly wage of $8.30 in identifying any "reasonable occupation." Using the $8.30 hourly wage,

ORDER - 2

Concentra identified positions, including restaurant hostess, as alternative occupations which Aetna used to satisfy the "reasonable occupation" standard and deny MLTD benefits to Plaintiff.

On June 29, 2006, Barbara Musgrave, Aetna Disability Case Manger, contacted Plaintiff and advised her that her eligibility to receive further MLTD benefits was terminated, explaining that the hourly wage rate of $8.30, represented 60% of Plaintiff's "LTD benefits". However, as a Flight Attendant, Plaintiff's rate of pay, including base and flight pay, given her years of service at Delta, was allegedly $60.31 per hour.

On March 15, 2010, Plaintiff's counsel served counsel for Delta and Aetna with Plaintiff's First Set of Interrogatories and Requests for Production, to which Answers and Responses were received on or about April 26, 2010. Defendants refused to provide additional information related to the actual hourly rate of pay Plaintiff was earning prior to her disability and how an hourly rate of $8.30 was obtained as a "reasonable wage" amount.

## II.  PLAINTIFF'S MOTION TO COMPEL

Plaintiff argues that because Defendant Aetna is both the funding source for benefits and fiduciary authorized to review claims for benefits, Aetna "operates under what may be termed a structural conflict of interest." *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955, 965 (9th Cir. 2006). Given this structural conflict of interest, the Courts apply an abuse of discretion review which is "tempered by skepticism commensurate with the plan administrator's conflict of interest." *Id*. at 968. Plaintiff argues that in determining the weight to be given the conflict of interest, the Court may consider evidence

outside the administrative record.  Plaintiff specifically requests an order compelling:

- •     Delta to respond to Plaintiff's Request for Production No. 2;
- •     Aetna to respond to Plaintiff's Request for Production No. 2 and to answer Plaintiff's Interrogatory No. 2;
- •     Delta to have its Fed. R. Civ. P. 30(b)(6) representative appear at a deposition as may be scheduled between the parties; and
- •     Aetna to have its Fed. R. Civ. P. 30(b)(6) representative appear at a deposition as may be scheduled between the parties.

At the hearing, defense counsel indicated that the parties had reached an agreement on producing some discovery that was apparently not in the administrative record and Defendants would be answering the interrogatory question(s) pertaining to the determination that $8.30 hourly wage would be applicable in determining Plaintiff's reasonable occupation standard.  Defendants, however, opposed the request for Fed. R. Civ. P. 30(b)(6) representative depositions, arguing that the interrogatory answers should be sufficient.

Plaintiff argues that irregularities prevented a full development of the administrative record in this case, i.e. that as a senior flight attendant, Plaintiff did not necessarily work 40 hour weeks.  Plaintiff additionally asserts that she was never advised of any adverse determination and never notified of her right to pursue any available administrative remedies, including the right to appeal the adverse decision.  See Complaint, ¶3.14.  Plaintiff additionally indicates that she never received the July 3, 2006 letter from Aetna terminating her MLTD benefits. *Id*. ¶3.16.

### III. ANALYSIS

In the Ninth Circuit where an insurer has a conflict of interest which arises out of serving in the dual roles as administrator and funding source for the plan, judicial review of such a decision is still for abuse of discretion, but is "less deferential." *Regula v. Delta Family-Care Disability Survivorship Plan*, 266 F.3d 1130, 1145 (9th Cir.2001). In the present case, the Court's task here is to determine whether discovery should be allowed, and, if so, to tailor the scope of that discovery. The Court finds that some information, regarding Plaintiff's claims handling and decision making processes, is discoverable under the circumstances of this particular case.

More specifically, and Defendants concede, the administrative record should be further developed through production of documents, which refer or relate to the calculation of $8.30 per hour as a "reasonable wage" in assessing whether Plaintiff could obtain a "reasonable occupation." Additionally, limited discovery is permissible of documents which refer or relate to Plaintiff's payroll records from 2001 through 2006. As to Plaintiff's request to depose persons knowledgeable in the topics including calculation of $8.30 per hour as a "reasonable wage" and employment/salary history, the Court finds that identification of such persons and their role in arriving at the asserted reasonable wage at this juncture is sufficient but would encourage agreement by the parties to the taking of limited deposition testimony to create a record which clearly shows how the decision was made and the reasons for the same. In the absence of agreement concerning any requested deposition testimony, the Court will assist by hearing the dispute, insofar as

ORDER - 5

possible, on shortened notice, pending further Court order. Accordingly,

**IT IS ORDERED** that:

1. Defendants' Motion for Protective Order, **Ct. Rec. 37, is DENIED without prejudice** in order to permit Plaintiff to obtain limited discovery. Defendants may renew their motion at a later time if necessary.

2. Plaintiff's Motion to Compel Discovery, **Ct. Rec. 41, is GRANTED in part and DENIED in part.** Defendants shall cooperate in the production of documents, which refer or relate to the calculation of $8.30 per hour as a "reasonable wage" in assessing whether Plaintiff could obtain a "reasonable occupation" and documents which refer or relate to Plaintiff's payroll records from 2001 through 2006. Defendants shall also identify those persons who made the wage calculations and are capable of explaining the method of calculation and reasons for the wage rate which was utilized.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 15th day of February, 2011.

*s/Lonny R. Suko*

_____
                LONNY R. SUKO
        UNITED STATES DISTRICT JUDGE

ORDER - 6